UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Weston J. Stow


    v.                                    Civil No. 06-cv-378-PB


Bruce Cattell, Warden,
New Hampshire State Prison


**REPORT AND RECOMMENDATION**


      Weston Stow is an inmate in the custody of the New Hampshire Department of Corrections pursuant to his 1990 New Hampshire conviction for sexual assault and kidnapping.  Stow has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition is before me for preliminary review.  See Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts and Local Rule ("LR") 4.3(d).  As discussed below, I find that this court lacks subject matter jurisdiction and recommend that the matter be dismissed.

*Standard of Review*

      Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the Court

construes pro se pleadings liberally.  See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

## Background

Stow is serving a forty to eighty year sentence at the New Hampshire State Prison.  He has filed this petition for a writ of

habeas corpus challenging the legality of his conviction and sentence on a number of grounds.

Stow previously filed a petition for a writ of habeas corpus in this Court challenging the same conviction and sentence as he is challenging here. See Stow v. Prison Warden, Civ. No. 02-064-JD. That petition was resolved against him by Order of the Court (DiClerico, J.) on March 13, 2003. Stow attempted an appeal of this Court's decision, but was denied a certificate of appealability on June 9, 2004. The appeal was terminated on that date.

## Discussion

Stow's current petition was filed on October 12, 2006, which makes it subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244. See Pratt v. United States, 129 F.3d 54, 56, 58 (1st Cir. 1997). AEDPA requires approval of the Circuit Court of Appeals before a second or successive habeas corpus petition made pursuant to 28 U.S.C. § 2254 may be filed in a federal district court, even if the petition raises new factual grounds for relief. See 28 U.S.C. § 2244(b)(3); Rodriguez v. Superintendent, Bay State Corr. Ctr., 139 F.3d 270, 272 (1st Cir. 1998). AEDPA's prior approval

3

provision allocates subject matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the federal court of appeals has decreed that it may go forward.  See Pratt, 129 F.3d at 57 (citing Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)).  A district court must, therefore, either dismiss without prejudice or transfer to the court of appeals an unapproved second or successive habeas petition.  See id.

I find that the instant petition for habeas corpus is Stow's second habeas petition arising from his present incarceration for the same underlying criminal matter.  Since Stow did not first obtain clearance from the First Circuit Court of Appeals before filing this petition, this Court has no jurisdiction to consider this petition, and I recommend that it be dismissed without prejudice so Stow may seek the necessary clearance to pursue another habeas petition in this Court.  See 28 U.S.C. § 2244(b)(3); see also Pratt, 129 F.3d at 57 (finding district court without jurisdiction to consider successive habeas petitions absent prior Circuit approval).

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to

file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:    October 31, 2006

cc:      Weston J. Stow, pro se